IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| SIMPLIFICATION, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | C.A. No. 03-355 (JJF) |
| v. | ) ) ) | C.A. No. 04-114 (JJF) |
| BLOCK FINANCIAL CORPORATION, and H&R BLOCK DIGITAL TAX SOLUTIONS, INC., | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANTS BLOCK FINANCIAL CORPORATION
AND H&R BLOCK DIGITAL TAX SOLUTIONS, LLC'S ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT
AND SECOND AMENDED COUNTERCLAIM**

Defendants Block Financial Corporation ("BFC") and H&R Block Digital Tax Solutions, LLC ("DTS"), collectively the "Block Defendants", by and through the undersigned counsel, hereby demand a trial by jury on all claims and counterclaims in this action and file this Answer in response to the Second Amended Complaint ("Complaint") of Plaintiff Simplification, LLC ("Simplification") and Counterclaims against Simplification. Numbered paragraphs in the Answer below correspond to numbered paragraphs in the Complaint.

**ANSWER**

**THE PARTIES**

1. The Block Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph one of the Complaint, and thus deny those allegations.

2. BFC admits that it is a corporation organized under the laws of the State of Delaware, with its principal offices in Kansas City, Missouri.

3. DTS is a limited liability company organized under the laws of the State of Delaware. DTS admits that it does business within this District. DTS denies the remaining allegations in paragraph three of the Complaint.

**JURISDICTION AND VENUE**

4. The Block Defendants admit that Simplification purports to assert claims for patent infringement under the patent laws of the United States, Title 35 U.S.C. The Block Defendants further respond that paragraph four states a legal conclusion to which no response is required, but, to the extent that a response is required, the Block Defendants deny the remaining allegations in this paragraph.

5. The Block Defendants admit that this Court has jurisdiction over the subject matter of this action. The Block Defendants further respond that paragraph five states a legal conclusion to which no response is required, but, to the extent that a response is required, the Block Defendants deny the remaining allegations in this paragraph.

6. The Block Defendants admit that venue is proper in this judicial district. The Block Defendants further respond that paragraph six states a legal conclusion to which no response is required, but, to the extent that a response is required, the Block Defendants deny the remaining allegations in this paragraph.

**BACKGROUND**

7. The Block Defendants admit that the face of United States Patent No. 6,202,052 (the "'052 patent") identifies March 13, 2001, as the date the '052 patent issued and that the '052 patent is entitled "Fully-Automated System for Tax Reporting, Payment and Refund." A copy of

the '052 patent appears to have been attached as Exhibit 1 to the Complaint. The Block Defendants deny the remaining allegations in this paragraph of the Complaint.

8. The Block Defendants admit that the face of the '052 patent states that Simplification is the assignee. The Block Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, and thus deny those allegations.

9. The Block Defendants admit that the face of the '052 patent states that the '052 patent was issued from U.S. Patent Application No. 09/073,027. The Block Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, and thus deny those allegations. The Block Defendants further respond that paragraph nine states a legal conclusion to which no response is required, but, to the extent that a response is required, the Block Defendants deny the remaining allegations in this paragraph.

10. The Block Defendants admit that the face of United States Patent No. 6,697,787 (the "'787 patent") identifies February 24, 2004, as the date the '787 patent issued and that the '787 patent is entitled "System for Collecting Tax Data." A copy of the '787 patent appears to have been attached as Exhibit 2 to the Complaint. The Block Defendants deny the remaining allegations in this paragraph of the Complaint.

11. The Block Defendants admit that the face of the '787 patent states that Simplification is the assignee. The Block Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, and thus deny those allegations.

12. The Block Defendants admit that the face of the '787 patent states that the '787 patent was issued from U.S. Patent Application No. 09/073,027. The Block Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, and thus deny those allegations. The Block Defendants further respond that paragraph 12 states a legal conclusion to which no response is required, but, to the extent that a response is required, the Block Defendants deny the remaining allegations in this paragraph.

**COUNT ONE – PATENT INFRINGEMENT**

13. The Block Defendants fully restate the responses in the preceding paragraphs as if fully rewritten herein. Paragraph 13 of the Complaint contains no averment upon which Simplification relies for its requested relief, and therefore the Block Defendants need not provide a response to this paragraph.

14. The Block Defendants admit that they sell tax preparation software throughout the United States, including in the State of Delaware. The Block Defendants deny the remaining allegations in this paragraph of the Complaint.

15. The Block Defendants deny the allegations in paragraph 15 of the Complaint.

16. The Block Defendants deny the allegations in paragraph 16 of the Complaint.

17. The Block Defendants admit that they were contacted about purchasing the '052 patent in 2001, but respectfully submit that all communications related to this subject are inadmissible under Fed. R. Evid. 408. The Block Defendants are without sufficient information to form a belief about the remaining allegations of this paragraph and therefore deny the remaining allegations in paragraph 17 of the Complaint.

18. The Block Defendants deny the allegations in paragraph 18 of the Complaint.

19.     The Block Defendants deny the allegations in paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Block Defendants have not infringed and do not infringe any claim of the '052 patent or the '787 patent ("the patents in suit"), either directly or indirectly.

### THIRD AFFIRMATIVE DEFENSE

The claims of the patents in suit are invalid and/or unenforceable for failure to comply with one or more of the conditions for patentability set forth in the Patent Laws of the United States Code, Title 35, including 35 U.S.C. §§ 101, 102, 103, 112, and 116.

### FOURTH AFFIRMATIVE DEFENSE

The patents in suit are unenforceable under the doctrine of patent misuse.

### FIFTH AFFIRMATIVE DEFENSE

Simplification's claims for relief are barred by the equitable doctrine of laches.

## SECOND AMENDED COUNTERCLAIM

Counterclaimants the Block Defendants, for their Counterclaim, state as follows:

### PARTIES

1.      Defendant/Counterclaimant BFC is a corporation organized under the laws of Delaware, with its principal offices in Kansas City, Missouri.

2.      Defendant/Counterclaimant DTS is a limited liability company organized under the laws of Delaware, with its principal offices in Kansas City, Missouri.

3. On information and belief based on assertions contained in paragraph one of the Complaint, Plaintiff/Counterclaim Defendant Simplification is a company organized and existing under the laws of the State of Delaware.

## JURISDICTION

4. This is an action for declaratory judgment that arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a).

## EXISTENCE OF JUSTICIABLE CONTROVERSY

6. There exists a justiciable controversy between the parties concerning the infringement, validity and enforceability of claims of the patents in suit because Simplification has sued for infringement, as set forth in Simplification's Complaint and the Block Defendants' Answer to the Second Amended Complaint.

## DECLARATORY JUDGMENT CLAIM

7. The Block Defendants incorporate by reference and reallege the allegations of the preceding paragraphs of its Counterclaim as though fully set forth herein.

8. Simplification purports to have the right to enforce and to sue for infringement of the patents in suit.

9. The Block Defendants have not infringed and do not infringe any claim of the patents in suit, either directly or indirectly.

10. The claims of the patents in suit are invalid and/or unenforceable for failure to comply with one or more of the conditions for patentability set forth in the Patent Laws of the United States Code, Title 35, including 35 U.S.C. §§ 101, 102, 103, 112, and 116.

11. The patents in suit are invalid and unenforceable under 35 U.S.C. §§ 101, 102, 103, 112, and 116.

## REQUEST FOR RELIEF

WHEREFORE, Defendants/Counterclaimants the Block Defendants pray for a judgment:

A. Dismissing with prejudice Simplification's Second Amended Complaint in its entirety;

B. Declaring that the Block Defendants have not infringed and are not infringing the patents in suit, either directly or indirectly, and are not liable for any alleged infringement of the patents in suit;

C. Declaring the patents in suit invalid;

D. Declaring the patents in suit unenforceable;

E. Declaring that the Block Defendants have not willfully infringed the patents in suit;

F. Finding that Simplification's conduct in bringing its lawsuit is exceptional and awarding the Block Defendants their reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

G. Awarding the Block Defendants their costs; and

H.  Granting such other and further relief as this Court deems just and proper.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ Karen E. Keller*
        John W. Shaw (No. 3362)
        Karen E. Keller (No. 4489)
        The Brandywine Building, 17th Floor
        1000 West Street
        Wilmington, Delaware 19899-0391
        (302) 571-6600
        kkeller@ycst.com
        *Attorneys for Defendants*

OF COUNSEL:
Jeffrey S. Standley (Ohio Bar #0047248)
F. Michael Speed, Jr. (Ohio Bar #0067541)
Standley Law Group LLP
495 Metro Place South, Suite 210
Dublin, OH 43017
(614) 792-5555

Dated: February 25, 2008

# CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on February 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Mary B. Graham, Esquire
>Julia Heaney, Esquire
>Morris Nichols Arsht & Tunnell LLP
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on February 25, 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following in the manner indicated:

>**BY E-MAIL**
>
>Julie A. Petruzzelli, Esquire [japetruzzelli@venable.com]
>Peter J. Curtin, Esquire [pjcurtin@venable.com]
>Venable LLP
>575-7th Street, N.W.
>Washington, DC 20004

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ *Karen E. Keller*
>John W. Shaw (No. 3362)
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>kkeller@ycst.com
>
>*Attorneys for Defendants*